FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

2017 FEB 13  PM 4: 15

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
         DEPUTY CLERK

| | | |
|---|---|---|
| SHOSHANA TRUST, ET AL, | § | |
| Appellants, | § | |
| | § | NO. MO-11-CV-00043-HLH |
| | | (Amended Notice of Appeal) |
| VS. | § | No. MO-16-CV- 391 -RAJ |
| | § | (New Cause No. Assigned) |
| | § | |
| MICHAEL RALEIGH, ET AL, | § | |
| Appellee. | § | |

## AMENDED NOTICE OF APPEAL

Notice is hereby given that Lothian Cassidy, LLC, Shoshana Trust, Anna Meisher Pension Plan, YG Trust, Akberali Khakee Pension Plan, Pension Solutions, 731, 895 866, LLC, Listokin Family Trust, Shorivger Trust; Akberali Khakee Pension Plan, Israel Grossman; MYG Trust, Herzberg Family Trust, YYSD Trust, Feinberg Family Trust, Moses Family Trust, Brenda Crayk, Hirshberg Family Trust, JG Trust, and YS Trust, hereby appeal to the United States Court of Appeals for the Fifth Circuit from the Final Judgment, signed and entered by the United State District Court for the Western District of Texas on December 8, 2016 Order Granting Appellees' Motion to Assign New Cause Number (MO-11-CV-043, Doc. 1); January 13, 2017, Order Granting Belridge Group's Motion to Dismiss, Denying Grossman's Motion for Certification of Direct Appeal and Closing Case (MO-16-CV-391-RAJ, Doc. 14); December 29, 2016, Order Denying Appellants' Motion for Reconsideration (MO-11-cv-043-RAJ, Doc. 164); December 8, 2016, Order Granting Appellees' Motion to Assign New Cause Number (MO-11-cv-043-RAJ, Doc. 162); January 16, 2015, Order Regarding Pending Motions (MO-11-CV-043, Doc. 151); November 23, 2011, Order Dismissing Appellants' Appeals (MO-11-ca-043-H, Doc.

106);November 23, 2011, Order Granting Appellee Capital One's Motion to Dismiss (MO-11-CA-43-H, Doc. 105); November 23, 2011, Order Striking Appellant's Motion for Reconsideration (MO-11-CA-43-H, Doc. 104);November 23, 2011, Order Denying Appellants' Motion TO Consolidate (MO-11-CA-43-H, Doc. 99); May 2, 2011, Order Regarding Belridge Group Appellees' Motion to Dismiss (MO-11-CV-43-H, Doc. 63); May 2, 2011, Order Regarding Appellee Bob Rasmus's Motion to Dismiss (MO-11-CV-43-H); May 19, 2011, Order Regarding Appellees' Motion to dismiss (MO-11-CV-43-H, Doc. 55); May 19, 2011, Order Granting Appellee Beckham's Motion to Dismiss (MO-11-CV-43-H, Doc. 53)

The United States Court of Appeals for the Fifth Circuit has appellate jurisdiction over the appeal from the District Court's final order pursuant to 28 U.S.C. § 158(D) and 28 U.S.C. § 1291because the last order issued in newly assigned cause MO-16-CV-391-RAJ is a Final Judgment. This Court has jurisdiction over prior interlocutory orders that were issued in cause No. MO-11-CV-43-H that became appealable upon the issuance of a final judgment in this matter. This appeal is timely filed within 30 days of the Final Judgment. This Notice is and Amended Notice of Appeal to include a Final Judgment that ripens prior Notice of Appeals that were held to have been prematurely filed, FRAP 4(a)(2).

Respectfully submitted,

Israel Grossman
508 Avenue L
Brooklyn, New York 11230
Telephone: 718-252-7747

Joshua R. Bronstein
   Law Offices of Joshua R. Bronstein
    & Associates, PLLC
    1438 42nd Street
    Brooklyn, New York 11219
    Telephone: (516) 698-0202
    Fax: (718) 517-6004
    jbrons5@yahoo.com

# CERTIFICATE OF SERVICE

I certify that on this 9th day of February, 2017, a true and correct copy of the Amended Notice of Appeal served to the list below as follows: The parties who do not hold electronic filing privileges were served the document via U.S. postal service. Those parties who have electronic filing privileges were served via the Court's ECF filing system.

Lothian Cassidy, LLC
c/o Israel Grossman
508 Avenue L
Brooklyn, New York 11230

Pension Solutions
450 7th Avenue, Suite 706
New York, New York 10123

Shoshana Trust
32 Scarsdale Road
Scarsdale, New York 10583

Shorivger Trust
c/o Raphael Grossman
1342 East 5th Street
Brooklyn, New York 11230

Anna Meisher Pension Plan
MYG Trust
Spitzer Family Trust
JG Trust
S. Pollak Audiological P.C. Profit Sharing Plan
Jacob Dekelbaum
Miriam Dekelbaum
Feinberg Family Trust
c/o Jeffrey M. Tillotson, P.C.
750 North Saint Paul Street, Suite 1400
Dallas, Texas 75201

Jan Arnett
Alberg Balakhane
Edmond Balakhane
Daniel Zucker
M. Zucker
Zalman Anderson
Azriel Horowitz
Charles Saltz
c/o F. Eric Fryer

Fryer Law Firm, P.C.
1001 Texas Avenue, Suite 1400
Houston, Texas 77002

YG Trust
Hirshberg Family Trust
c/o Shifra Tyner
200 Colony Circle
Lakewood, New Jersey 08701

Akberali Khakee Pension Plan
637 Yonkers Avenue
Yonders, New York 10704

731 895 866, LLC
1274  49th Street
Brooklyn, New York 11219

Listokin Family Trust
Shorivger Trust
c/o Raphael Grossman
1342 East 5th Street
Brooklyn, New York 11230

Herzberg Family Trust
698 West End Avenue, Apt. 13C
New York, New York 10025

YYSD Trust
c/o Yitzchok Ruck, Trustee
138 Tudor Court
Lakewood, New York 08701

Moses Family Trust
Miriam Moses, Trustee
1342 East 5th Street
Brooklyn, New York 11230

Brenda Crayk
5242 College Gardens,
San Diego, California 92115

YS Trust
508 Avenue L
Brooklyn, New York 11230
Lawrence Clarke

270 Jay Street
Brooklyn, New York 11201

Rhett Campbell
Tye C. Hancock
Robert L. Paddock
Thompson & Knight, LLP
333 Clay Street, Suite 3300
Houston, Texas 77002-4499

Bruce Ransom
4656 Headland
West Vancouver BC V7W 3H6,
Canada  and
Steven B. Skarnulis
Cain & Skarnulis, LLP
400 W. 15th Street, Suite 900
Austin, Texas 78701

Seth Markowitz
c/o Mark K. Anesh, Esquire
Lewis Brisbois Bisgaard & Smith, LLP
199 Water Street
New York, NY 10038

Tom Kelly
P.O. Box 11026
Midland, Texas 79702

Vince Borrello
5613 Greenridge
Midland, Texas 79707

Capital One, National Association ( Northfork Bank)
c/o Jennifer Silvestro, Esquire
Lazer, Aptheker, Rosella, & Yedid, P.C.
225 Old Country Road
Melville, NY 11747  and
J. Scott Rose
Jackson Walker, LLP
112 East Pecan, Suite 2400
San Antonio, Texas 78205  and

Mark Trachtenberg
Haynes & Boone, LLP
1221 McKinney Street, Suite 2100

Houston, Texas 77010-2007

Charles M. Jones, II
Haynes & Boone, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219

Eric B. Terry
Haynes & Boone, LLP
112 East Pecan Street, Suite 1200
San Antonio, Texas 78205-1540

Deborah D. Williamson
Cox Smith Matthews Incorporated
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205

Jonathan C. Bolton
Fullbright & Jaworski
1301 McKinney, Suite 5100
Houston, Texas 77010

Alan Gelband
Scott Wilson
Casey Davidson
Big Lake Services, Inc.
c/o David M. Bond, Esquire
Boyar Miller
4265 San Felipe, Suite 1200
Houston, Texas 77027

Steven Altman
Altman & Company
260 Madison Avenue
New York, New York 10016

Davis Gerald & Cremer
400 W. Illinois Avenue, Suite 1400
Midland, Texas 79701

Walter Mize, *Being Sued as "Estate of Walter Mize"*
2 North Caddo Street
Cleburne, Texas 76031

Basya Shayna Silver

# FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND/ODESSA DIVISION

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY CLERK

SHOSHANA TRUST, *et al.*,  §
         *Appellants,*  §
           §
v.  §      No. MO:11-CV-00043-RAJ
           §
MICHAEL RALEIGH, *et al.*,  §
         *Appellees.*  §

## ORDER GRANTING APPELLEES' MOTION TO ASSIGN NEW CAUSE NUMBER

BEFORE THE COURT is Appellees Michael Raleigh, John Vincent Lovoi, Paul B. Loyd, Jr., Belridge Energy Advisors, L.P., Peninsula Catalyst Fund, L.P., Peninsula Catalyst Fund (QP) L.P., JVL Global Energy, L.P., JVL Global Energy (QP) L.P., Navitas Fund, L.P., and Nawab Energy Partners, L.P.'s (collectively, the "Belridge Group") Motion to Assign New Cause Number to Appeal. (Doc. 159). After due consideration, the Belridge Group's Motion to Assign New Cause Number shall be **GRANTED**. (Doc. 159).

### I.    BACKGROUND

This appeal relates to an order granting the Belridge Group's motion to enforce Contempt Judgment in Bankruptcy Court. (Doc. 159 at 1). Instead of appealing the order at issue, Appellants filed an "amended notice of appeal" in cause number MO:11-CV-00043. Because the instant appeal is not connected to the previous appeal in cause number MO:11-CV-00043, the Belridge Group requests that the Court assign a new cause number to this appeal.

### II.    DISCUSSION

This appeal must be assigned a new cause number and Appellants shall not be permitted to raise their appeal in a prior case which was previously dismissed and close. Accordingly, the Court **GRANTS** the Belridge Group's Motion to Assign New Cause Number (Doc. 159) and directs the Clerk of the Court to sever all pleadings relating to Appellants' instant appeal (Docs. 157, 158, 159, 160) into a separate cause number and enter a copy of this Order in the new cause number.

It is therefore **ORDERED** that the Belridge Group's Motion to Assign New Cause Number to Appeal is hereby **GRANTED**. (Doc. 159). The Clerk of the Court shall sever all pleadings filed by Appellants in the instant cause number relating to this appeal into a new cause number and enter a copy of this Order in the new cause number.

It is so **ORDERED**.

SIGNED this _____ day of _____ 2016.

ROBERT A. JUNELL
Senior United States District Judge

2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

FILED

2017 JAN 13   AM 10: 56

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
            DEPUTY CLERK

| | | |
|---|---|---|
| ISRAEL GROSSMAN,<br>  *Appellant,* | § § § | |
| v. | § § | No. MO:16-CV-00391-RAJ |
| JVL GLOBAL ENERGY, L.P., *et al.*,<br>  *Appellees.* | § § § | |

## ORDER GRANTING BELRIDGE GROUP'S MOTION TO DISMISS AND DENYING GROSSMAN'S MOTION FOR CERTIFICATION OF DIRECT APPEAL

BEFORE THE COURT is Appellees Michael Raleigh, John Vincent Lovoi, Paul Loyd, Jr., Belridge Energy Advisors, L.P., Peninsula Catalyst Fund, L.P., Peninsula Catalyst Fund (QP) L.P., JVL Global Energy, L.P., JVL Global Energy (QP) L.P., Navitas Fund, L.P., and Nawab Energy Partners, L.P.'s (collectively, the "Belridge Group") Motion to Dismiss Appeal (Doc. 4), and Appellant Israel Grossman's ("Grossman") Motion for Certification of Direct Appeal to the United States Court of Appeals for the Fifth Circuit (Doc. 5). After due consideration, the Belridge Group's Motion to Dismiss (Doc. 4) shall be **GRANTED** and Grossman's Motion for Certification of Direct Appeal (Doc. 5) shall be **DENIED**.

### I.   BACKGROUND

On October 21, 2015, the Bankruptcy Court entered a Contempt Judgment in favor of the Belridge Group and against Brenda Crayk, Jacob and Miriam Deckelbaum, Akberali Khakee Pension Plan, Feinberg Family Trust, Herzberg Family Trust, Hirshberg Family Trust, JG Trust, Listokin Family Trust a/k/a Listokin Trust, Moses Family Trust, MYG Trust, Pension Solutions, LLC, S. Pollack Audiological P.C. Profit Sharing Plan, Shorivger Trust, Spitzer Family Trust, YS Trust, YYSD Trust, and 731 895 866 LLC. (Doc. 2-2). On November 3, 2016, Appellant Grossman filed a Fifth Amended Notice of Appeal in this Court in Cause No. MO:11-CV-

00043-RAJ. (Doc. 4-1). On December 8, 2016, this Court granted the Belridge Group's Motion to Assign New Cause Number to Appeal because the instant appeal is not connected to the previous appeal in cause number MO:11-CV-00043. (Doc. 1).

Grossman seeks to appeal Bankruptcy Docket No. 2705 (the "Contempt Judgment") as well as over thirty "Adversary Case Orders" relating to Adversary Proceeding No. 10–07011, which is also known as the "Kings County Lawsuit." (Doc. 4-1). The Notice of Appeal was filed and signed by Israel Grossman on behalf of himself and Lothian Cassidy, LLC, Shoshana Trust, Anna Meisher Pension Plan, YG Trust, Akberali Khakee Pension Plan, Pension Solutions, 731 895 866 LLC, Listokin Family Trust, Shorivger Trust, MYG Trust, Herzberg Family Trust, YYSD Trust, Feinberg Family Trust, Moses Family Trust, Brenda Crayk, Hirshberg Family Trust, JG Trust, and YS Trust. (*Id.*). Importantly, Israel Grossman was not a party to the Contempt Judgment. (Doc. 2-2).

On November 30, 2016, the Belridge Group filed its Motion to Dismiss Appeal. (Doc. 4). On December 6, 2016, Grossman filed his Motion for Certification of Direct Appeal to the Fifth Circuit. (Doc. 5). On December 16, 2016, Grossman filed his Response to the Motion to Dismiss. (Doc. 6). On December 20, 2016, the Belridge Group filed their Response to the Motion for Certification of Direct Appeal. (Doc. 7). On December 27, 2016, the Belridge Group filed their Reply to Grossman's Response to the Motion to Dismiss. (Doc. 11). On January 3, 2017, Grossman filed his Reply to the Belridge Group's Response to the Motion for Certification of Direct Appeal. (Doc. 13). These matters are now ripe for determination.

## II.    DISCUSSION

The Adversary Case Orders were previously appealed by notice of appeal dated February 28, 2011. (Doc. 4-2). Those appeals were dismissed by this Court. (No. MO:11-CV-00043,

2

Docs. 53, 55, 62, 63, 68, 80, 99, 100, 101–106, 123). In addition, the Fifth Circuit dismissed those appeals on August 8, 2012. (Doc. 4-3). "Once a final judgment on the merits of a prior action is entered, the parties and those in privity with them may not relitigate issues that either were or at least could have been brought in the action." *Cooper v. Int'l Offshore Servs., L.L.C.*, 390 F. App'x 347, 351 (5th Cir. 2010) (relying on *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009)). Because the Adversary Case Orders were previously appealed and dismissed they are barred by *res judicata* and cannot be appealed to this Court or the Fifth Circuit a second time. Accordingly, Grossman's Notice of Appeal as it relates to the Adversary Case Orders shall be **DISMISSED** (Doc. 4) and Grossman's Request for Direct Certification of Appeal shall be **DENIED**. (Doc. 5).

Moreover, Grossman filed the Fifth Notice of Appeal as the alleged assignee of Lothian Cassidy, LLC, Shoshana Trust, Anna Meisher Pension Plan, YG Trust, Akberali Khakee Pension Plan, Pension Solutions, 731 895 866 LLC, Listokin Family Trust, Shorivger Trust, MYG Trust, Herzberg Family Trust, YYSD Trust, Feinberg Family Trust, Moses Family Trust, Brenda Crayk, Hirshberg Family Trust, JG Trust, and YS Trust (the "Alleged Assignors"). However, Grossman is a convicted felon who has twice been disbarred by the States Bar of New York. *In re Matter of Israel Grossman*, 853 N.Y.S. 2d 333, 141 (N.Y. App. Div. 2008) (upholding Grossman's disbarment and recounting disciplinary violations); (Doc. 4-4). Furthermore, corporations, partnerships, or associations must appear in federal court through a licensed attorney. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993). Because only a licensed attorney may represent another party in federal court, Grossman may not represent the Alleged Assignors. *See* 28 U.S.C. § 1654; *Smith v. White*, 857 F.2d 1042, 1043 (5th Cir. 1988) ("Unless a party is represented by an attorney, he must sign [the notice of appeal] himself, and . . . a notice

3

of appeal naming several appellants and signed by one of them, who is not an attorney, is ineffective to initiate an appeal on behalf of the non-signers.").

In addition, the Alleged Assignors may not assign any cause of action to Grossman because such an assignment would constitute or aid and abet the unauthorized practice of law by Grossman. *Gray v. Estell*, No. 05-98-01785, 2001 WL 279181, at *3 (Tex. App.—Dallas March 22, 2001, no pet.) (unpublished). This Court previously dismissed an appeal filed by Grossman on behalf of various entities on the basis that Grossman is not licensed to practice law, and therefore, he is not authorized to file a notice of appeal on behalf of any person or entity other than himself. (No. MO:09-CV-00030, Doc. 28). Here, the Notice of Appeal is signed by Grossman on behalf of the Alleged Assignors. (Doc. 4-1). As such, the Notice of Appeal for the Alleged Assignors is improper because Grossman has no authority to represent them.

Grossman has filed a *pro se* Response to the Motion to Dismiss. Because Grossman is not a lawyer, not a party to the 2016 Contempt Judgment, and has no authority to represent the Alleged Assignors, the Response cannot cure the Notice of Appeal's defects. Grossman seeks to file a Corrected Notice of Appeal signed by Grossman individually and Joshua Bronstein. It is not clear whether Mr. Bronstein is admitted to practice before this Court or which parties he seeks to represent and he has not sought permission to appear pro hac vice. As such, the Corrected Notice of Appeal shall be disregarded.

Finally, Grossman, Lothian Cassidy, LLC, Shoshana Trust, Anna Meisher Pension Plan, and YG Trust have no standing to pursue an appeal of the Contempt Judgment because they were not the subject of the Contempt Judgment. To demonstrate that he has standing to pursue an appeal, the appellant must show that he was directly and adversely affected by the order of the bankruptcy court. *Gibbs & Bruns LLP v. Coho Energy, Inc. (In re Coho Energy, Inc.)*, 395 F.3d

4

198, 202 (5th Cir. 2004); *H & M Oil & Gas L.L.C. v. Brazos 440 Partners, L.P.*, 386 B.R. 631, 634 (W.D. Tex. 2008). Neither Grossman, Lothian Cassidy, LLC, Shoshana Trust, Anna Meisher Pension Plan, nor YG Trust were parties to the underlying Contempt Judgment that is the subject of this appeal. (Doc. 2-2). Because these parties were not adversely affected by the Contempt Judgment, they have no standing to pursue this appeal.

### III. CONCLUSION

For the foregoing reasons, the Belridge Group's Motion to Dismiss shall be **GRANTED** and this appeal shall be **DISMISSED**. (Doc. 4). Because Grossman has no standing to request certification of appeal to the Fifth Circuit, and because this appeal shall be dismissed, Grossman's request for direct certification shall be **DENIED**. (Doc. 5).

It is therefore **ORDERED** that the Belridge Group's Motion to Dismiss is hereby **GRANTED** and this appeal is **DISMISSED**. (Doc. 4).

It is further **ORDERED** that Grossman's Motion for Certification of Direct Appeal to the Fifth Circuit is **DENIED**. (Doc. 5).

It is finally **ORDERED** that the Clerk of the Court **CLOSE** this case.

It is so **ORDERED.**

SIGNED this _13_ day of _January_ 2017

ROBERT A. JUNELL
Senior United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

FILED

2016 DEC 29 AM 10: 31

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____ DEPUTY CLERK

| | | |
|---|---|---|
| SHOSHANA TRUST, *et al.,* | § | |
| *Appellants,* | § | |
| | § | |
| v. | § | No. MO:11-CV-00043-RAJ |
| | § | |
| MICHAEL RALEIGH, *et al.,* | § | |
| *Appellees.* | § | |

## ORDER DENYING APPELLANTS' MOTION FOR RECONSIDERATION

BEFORE THE COURT is Appellants' Motion for Reconsideration of Order Granting Appellees Michael Raleigh, John Vincent Lovoi, Paul B. Loyd, Jr., Belridge Energy Advisors, L.P., Peninsula Catalyst Fund, L.P., Peninsula Catalyst Fund (QP) L.P., JVL Global Energy, L.P., JVL Global Energy (QP) L.P., Navitas Fund, L.P., and Nawab Energy Partners, L.P.'s (collectively, the "Belridge Group") Motion to Assign New Cause Number to Appeal. (Doc. 163). After due consideration, Appellants' Motion for Reconsideration shall be **DENIED**. (Doc. 163).

On December 8, 2016, this Court granted the Belridge Group's Motion to Assign New Cause Number to Appeal because the instant appeal is not connected to the previous appeal in cause number MO:11-CV-00043. (Doc. 162). On December 12, 2016, Appellants filed a Motion for Reconsideration of this Court's Order assigning a new cause number to the instant appeal. (Doc. 163). Appellants shall not be permitted to raise their appeal in a prior case which was previously dismissed and closed. Accordingly, the Court **DENIES** Appellants' Motion for Reconsideration of the Court's Order Granting the Belridge Group's Motion to Assign New Cause Number. (Doc. 163).

In addition, the Court previously directed the Clerk of the Court to sever all pleadings relating to Appellants' instant appeal (Docs. 157, 158, 159, 160) into a separate cause number

and enter a copy of this Order in the new cause number. In compliance with the Court's Order, the Clerk of the Court assigned cause number MO:16-CV-00391-RAJ to the instant appeal and docketed the Belridge Group's Motion to Dismiss Appeal (Doc. 160) and Appellants' Motion for Certification of Direct Appeal to the United States Court of Appeals for the Fifth Circuit (Doc. 161) into the new cause number. However, these duplicate motions remain pending in cause number MO:11-CV-00043-RAJ. Accordingly, the Court **ORDERS** the Clerk of the Court to **TERMINATE** the Belridge Group's Motion to Dismiss Appeal (Doc. 160) and Appellants' Motion for Certification of Direct Appeal to the United States Court of Appeals for the Fifth Circuit (Doc. 161), which remain pending in cause number MO:11-CV-00043-RAJ.

It is therefore **ORDERED** that Appellants' Motion for Reconsideration is hereby **DENIED**. (Doc. 163).

It is further **ORDERED** that the Clerk of the Court **TERMINATE** the Belridge Group's Motion to Dismiss Appeal (Doc. 160) and Appellants' Motion for Certification of Direct Appeal to the United States Court of Appeals for the Fifth Circuit (Doc. 161), which remain pending in cause number MO:11-CV-00043-RAJ.

It is so **ORDERED**.

SIGNED this 29th day of December, 2016.


_____

ROBERT JUNELL
SR. UNITED STATES DISTRICT JUDGE

# FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND/ODESSA DIVISION

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY CLERK

| | |
|---|---|
| SHOSHANA TRUST, *et al.*, §<br>*Appellants*, § | |
| §<br>**v.** § | No. MO:11-CV-00043-RAJ |
| §<br>MICHAEL RALEIGH, *et al.*, §<br>*Appellees*. § | |

## ORDER GRANTING APPELLEES' MOTION TO ASSIGN NEW CAUSE NUMBER

BEFORE THE COURT is Appellees Michael Raleigh, John Vincent Lovoi, Paul B. Loyd, Jr., Belridge Energy Advisors, L.P., Peninsula Catalyst Fund, L.P., Peninsula Catalyst Fund (QP) L.P., JVL Global Energy, L.P., JVL Global Energy (QP) L.P., Navitas Fund, L.P., and Nawab Energy Partners, L.P.'s (collectively, the "Belridge Group") Motion to Assign New Cause Number to Appeal. (Doc. 159). After due consideration, the Belridge Group's Motion to Assign New Cause Number shall be **GRANTED**. (Doc. 159).

### I.      BACKGROUND

This appeal relates to an order granting the Belridge Group's motion to enforce Contempt Judgment in Bankruptcy Court. (Doc. 159 at 1). Instead of appealing the order at issue, Appellants filed an "amended notice of appeal" in cause number MO:11-CV-00043. Because the instant appeal is not connected to the previous appeal in cause number MO:11-CV-00043, the Belridge Group requests that the Court assign a new cause number to this appeal.

### II.      DISCUSSION

This appeal must be assigned a new cause number and Appellants shall not be permitted to raise their appeal in a prior case which was previously dismissed and close. Accordingly, the Court **GRANTS** the Belridge Group's Motion to Assign New Cause Number (Doc. 159) and directs the Clerk of the Court to sever all pleadings relating to Appellants' instant appeal (Docs. 157, 158, 159, 160) into a separate cause number and enter a copy of this Order in the new cause number.

It is therefore **ORDERED** that the Belridge Group's Motion to Assign New Cause Number to Appeal is hereby **GRANTED.** (Doc. 159). The Clerk of the Court shall sever all pleadings filed by Appellants in the instant cause number relating to this appeal into a new cause number and enter a copy of this Order in the new cause number.

It is so **ORDERED.**

SIGNED this _____ day of _December_ 2016.

ROBERT A. JUNELL
Senior United States District Judge

2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| SHOSHANA TRUST, *et al*, | § | |
| | § | |
| Appellants, | § | |
| | § | |
| v. | § | MO-11-CA-43 |
| | § | |
| MICHAEL RALEIGH, *et al*, | § | |
| | § | |
| Appellees. | § | |

### ORDER REGARDING PENDING MOTIONS

Came on this day to be considered the motion of appellant Lothian Cassidy, L.L.C. to consolidate this case with *Lothian Cassidy, LLC v. Ransom*, MO-10-CA-54. Both of these cases are closed and consolidation would serve no practical purpose. Additionally, counsel for Lothian Cassidy, LLC, Avinoam Rosenfeld, has filed a motion to appear *pro hac vice* and to be substituted as counsel for the appellants. As this case is closed, appellants have no use for new counsel to represent them in this matter.

It is therefore ORDERED that the Appellants' motion for consolidation (Doc. No. 138) and to substitute counsel (Doc. No. 146) be, and it is hereby, DENIED.

It is further ORDERED that the motion of Avinoam Rosenfeld to appear *pro hac vice* (Doc. No. 146) be, and it is hereby, DENIED.

SIGNED AND ENTERED THIS 16th day of January, 2015.

HARRY LEE HUDSPETH
SENIOR UNITED STATES DISTRICT JUDGE

FILED

NOV 2 3 2011

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

SHOSHANA TRUST, et al.,           §
                                  §
          Appellants,             §
                                  §
v.                                §     No. MO-11-CA-43-H
                                  §
MICHAEL RALEIGH, et al.,          §
                                  §
          Appellees.              §

## ORDER DISMISSING APPELLANTS' APPEALS

This is one appeal from eighteen separate decisions of the United States Bankruptcy Court. On February 28, 2011, Appellants filed a notice of appeal complaining of sixteen Bankruptcy Court orders in the underlying bankruptcy proceeding. **Lothian Cassidy, LLC, et al. v. Bruce Ransom, et al.**, Adversary No. 10-7011, Doc. 89 (Bkrtcy. W.D. Tex). They filed two amended notices of appeal to add three orders to their appeal. **Id.** at Doc. 129, 144. This Court has dismissed the appeals pertaining to eleven of the orders because they were either untimely or interlocutory and filed without leave. If an appeal is untimely, the District Court lacks jurisdiction to consider it. *See* **In re Richmond**, 105 B.R. 14, 15 (S.D. Tex 1989). The Court has noticed, *sua sponte*, that the appeals of Bankruptcy Court Orders number 56, 60, 61, and 62 are also untimely.

-1-

It is therefore ORDERED that Appellants' appeals from Bankruptcy Court Orders number 56, 60, 61, and 62 be, and they are hereby, DISMISSED.

SIGNED AND ENTERED THIS 21st day of November, 2011.

HARRY LEE HUDSPETH
SENIOR UNITED STATES DISTRICT JUDGE

-2-

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

**FILED**

NOV 2 3 2011

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

SHOSHANA TRUST, et al.,                §
                                        §
        Appellants,                     §
                                        §
v.                                      §        No. MO-11-CA-43-H
                                        §
MICHAEL RALEIGH, et al.,                §
                                        §
        Appellees.                      §

## ORDER GRANTING APPELLEE CAPITAL ONE'S MOTION TO DISMISS

This is an appeal from an Adversary Proceeding in the United States Bankruptcy Court. Appellant originally appealed eighteen separate orders of the Bankruptcy Court. Fifteen of those appeals have been dismissed. Appellee, Capital One N.A. s/h/a "Capital One, National Association" has filed a motion to dismiss Appellants' appeals of Bankruptcy Court Orders # 137 and 138, granting Capital One's motion for summary judgment and motion to strike Appellants' summary judgment evidence.

On May 26, 2011, the Court granted Jessica Sokol's motion to withdraw as counsel for Appellants. Appellants have not retained counsel to replace her. The following Appellants brought claims against Capital One in the underlying Adversary Proceeding: Jan Arnett, Pension Solutions LLC, Akber Ali Khakee (Pension Plan), and 731 895 866 LLC. Sokol has withdrawn her representation of the three entities and this Court has dismissed Jan Arnett from the suit. A corporation, partnership, or other entity must be represented by licensed counsel. **Southwest Exp. Co., Inc. v.**

-1-

**I.C.C.**, 670 F.2d 53, 55 (5th Cir. 1982). *Pro se* Appellant Israel Grossman has submitted a brief for the Appellants. Israel Grossman is not a lawyer and cannot appear in this Court representing another person or entity. Nor does he, as an individual, have any cause of action against Appellee Capital One. Because no appellant properly before this Court has any claim against Appellee Capital One, the Court will dismiss Appellants' appeal of the Bankruptcy Court's orders granting Capital One's motion for summary judgment and motion to strike summary judgment evidence.

It is therefore ORDERED that the motion of Appellee Capital One, National Association to dismiss be, and it is hereby, GRANTED.

It is further ORDERED that Appellants' appeals from Bankruptcy Court Orders 137 and 138 be, and they are hereby, DISMISSED.

SIGNED AND ENTERED THIS 21st day of November, 2011.


HARRY LEE HUDSPETH
SENIOR UNITED STATES DISTRICT JUDGE

FILED

NOV 23 2011

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| SHOSHANA TRUST, ET AL, | § | |
| | § | |
| Appellants, | § | |
| | § | |
| v. | § | MO-11-CA-43-H |
| | § | |
| MICHAEL RALEIGH, ET AL, | § | |
| | § | |
| Appellees. | § | |

## ORDER STRIKING APPELLANT'S MOTION FOR RECONSIDERATION

This is an appeal from a decision of the United States Bankruptcy Court. On May 31, 2011, Appellant Israel Grossman, on behalf of all Appellants in the instant appeal, filed a Motion for Reconsideration of this Court's dismissal of appeals from Bankruptcy Court orders # 58, 71-76, and 78. On June 7, 2011, Appellee Charles Beckham filed a motion to strike Appellant Grossman's motion. The Court reminds Appellant Grossman that he is a twice-disbarred *pro se* appellant who has no authority to represent anybody other than himself.

It is, therefore, ORDERED that Appellee Charles Beckham's motion to strike (Doc. # 73) be, and it is hereby, GRANTED.

It is further ORDERED that Appellant Israel Grossman's motion for reconsideration (Doc # 69) be, and it is hereby, STRICKEN.

SIGNED AND ENTERED THIS 21ˢᵗ day of November, 2011.

HARRY LEE HUDSPETH
SENIOR UNITED STATES DISTRICT JUDGE

FILED

NOV 23 2011

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

SHOSHANA TRUST, ET AL,          §
                                §
        Appellants,             §
                                §
v.                              §          MO-11-CA-43-H
                                §
MICHAEL RALEIGH, ET AL,         §
                                §
        Appellees.              §

## ORDER

This is an appeal from a decision of the United States
Bankruptcy Court. Appellants have filed a motion to correct the
record to include all Defendants in the underlying bankruptcy as
Appellees (Doc. # 39). As all Defendants in the underlying
bankruptcy are already on the record as Appellees, there is nothing
to correct.

It is, therefore, ORDERED that Appellants' motion to correct
the record (doc. # 39) be, and it is hereby, DENIED.

SIGNED AND ENTERED THIS 31st day of November, 2011.

HARRY LEE HUDSPETH
SENIOR UNITED STATES DISTRICT JUDGE

FILED

NOV 23 2011

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

SHOSHANA TRUST, et al.,          §
                                 §
          Appellants,            §
                                 §
v.                               §        No. MO-11-CA-43-H
                                 §
MICHAEL RALEIGH, et al.,         §
                                 §
          Appellees.             §

### ORDER DENYING APPELLANTS' MOTION TO CONSOLIDATE

This is an appeal from a decision of the United States Bankruptcy Court. Appellants have filed a motion to consolidate this appeal with the appeals at cause number MO-10-CA-111-H and MO-10-CA-68-H. The Court has since issued an opinion, disposing of those appeals. The motion is now moot.

It is therefore ORDERED that Appellants' motion to consolidate (Docs. # 30 & 36) be, and it is hereby, DENIED.

SIGNED AND ENTERED THIS 21ˢᵗ day of November, 2011.

HARRY LEE HUDSPETH
SENIOR UNITED STATES DISTRICT JUDGE

05/20/2011 09:31 7 5123156931 HLH Document JUDGE HUBERT H. 20/41 PAGE 04/07
Case 7:11-cv-00043-RAJ Document 105 Filed 05/20/11 Page 17 of 36
Case 7:11-cv-00043-RAJ Document 105 Filed 02/13/11 Page 26 of 36

**FILED**

MAY 20 2011

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

SHOSHANA TRUST, et al.,           §
                                  §
        Appellants,               §
                                  §
v.                                §        NO. MO-11-CV-43-H
                                  §
MICHAEL RALEIGH, et al.,          §
                                  §
        Appellees.                §

<u>**ORDER REGARDING BELRIDGE GROUP APPELLEES' MOTION TO DISMISS**</u>

This is one appeal from sixteen separate decisions of the
United States Bankruptcy Court. On February 28, 2011, Appellants
filed a notice of appeal complaining of sixteen Bankruptcy Court
orders in the underlying bankruptcy proceeding. **In re Lothian Oil,
Inc., et al.**, No. 07-70121, Doc. 2433 (Bkrtcy. W.D. Tex.).
Appellees the Belridge Group have moved that a portion of
Appellants' appeals be dismissed. Having considered the motion,
response, and applicable law, this Court concludes that the motion
should be granted in part and denied in part.

The Belridge Group Appellees seek to dismiss appeals from nine
of the orders at issue. However, seven of the appeals were
dismissed after the filing of Appellees' motion.[1] Accordingly,
this order will concern only docket numbers 59 and 77. Under the

_____

[1] Order numbers 71-76, and 78 in Adversary Proceeding No. 10-
7011 were dismissed in the Order Granting Appellee Charles
Beckham's Motion to Dismiss.

1

05/20/2011 10:31 5123165831 JUDGE HUDSPETH PAGE 05/07
Case 7:11-cv-00043-RAJ-LH Document 18-8 Filed 05/20/11 Page 27 of 36
Case 7:11-cv-00043-RAJ Document 18 Filed 02/13/11 Page 27 of 36

Federal Rules of Bankruptcy Procedure, a notice of appeal shall be
filed with the clerk within fourteen days of the date of the entry
of the order being appealed. **Fed. R. Bankr. P. 8002(a)**. If an
appeal is untimely, the District Court lacks jurisdiction to
consider it. **See In re Richmond**, 105 B.R. 14, 15 (S.D. Tex 1989).
Appellees request that the appeal of the Bankruptcy Court's order
granting their motion to dismiss (Doc. 59) be dismissed for
untimeliness. The order was entered on February 10, 2011, yet
Appellants did not file their notice of appeal until February 28.
Accordingly, the appeal was untimely and this Court does not have
jurisdiction to consider it. Appellees' motion to dismiss the
appeal regarding that order should be granted.

The Belridge Group Appellees also seek dismissal of
Appellants' appeal regarding order number 77 on the grounds that it
is interlocutory. Order number 77 concerned Appellants' "Cross
Motion to Mandatorily Abstain from Remainder Off [sic] New York
State Actions for Lack of Jurisdiction and for Recusal by Judge
Ronald King and Resignation of Conflicted Attorneys for Bob Rasmus
and Arthur Michelson." This Court concludes that the order was
interlocutory in nature.

Under **28 U.S.C. § 158(a)(3)**, a district court only has
jurisdiction to hear appeals from interlocutory orders if leave of
the court is granted. Under **Federal Rule of Bankruptcy Procedure
8003(c)**, a motion for leave to appeal under **28 U.S.C. § 158(a)(3)**

2

should be filed within fourteen days of entry of the order being appealed. It is undisputed that Appellants never filed a motion for leave. Nonetheless, it is still within this Court's discretion to hear the appeal. In determining whether to hear an interlocutory appeal, the Court should consider whether the interlocutory order involves a controlling question of law, whether the question is one as to which there is substantial ground for difference of opinion, and if the immediate appeal will materially advance the ultimate termination of the litigation. **28 U.S.C. § 1292(b)**. Having examined these factors, this Court concludes that leave should not be granted to consider the present appeal. Appellants are simply continuing their practice of appealing virtually every order entered by the Bankruptcy Court, no matter how inconsequential or perfunctory. Their continued frivolous appeals are causing a significant waste of judicial resources. Accordingly, leave should not be granted.

It is therefore ORDERED that The Belridge Group Appellees' Motion to Dismiss (Doc. 11) concerning Bankruptcy Court Order numbers 59 and 77 be, and it is hereby, GRANTED.

It is further ORDERED that Appellants' appeal from the Bankruptcy Court Order numbers 59 and 77 be, and it is hereby, DISMISSED.

It is further ORDERED that the remainder of the Belridge Group

3

Appellees' Motion to Dismiss be, and it is hereby, DENIED as MOOT.

SIGNED AND ENTERED this ___20th___ day of May, 2011.

HARRY LEE HUDSPETH
SENIOR UNITED STATES DISTRICT JUDGE

4

05/20/2011 10:31 5129165831 JUDGE HUDSPETH PAGE 02/07
Case 7:11-cv-00043-RAJ Document 1 Filed 05/20/11 Page 1 of 2
Case 7:11-cv-00043-RAJ Document 109 Filed 02/13/11 Page 30 of 36

**FILED**

**MAY 2 0 2011**

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

SHOSHANA TRUST, et al.,      §
                             §
        Appellants,          §
                             §
v.                           §      NO. MO-11-CV-43-H
                             §
MICHAEL RALEIGH, et al.,     §
                             §
        Appellees.           §

## ORDER REGARDING APPELLEE BOB RASMUS'S MOTION TO DISMISS

This is one appeal from sixteen separate decisions of the United States Bankruptcy Court. On February 28, 2011, Appellants filed a notice of appeal complaining of sixteen Bankruptcy Court orders in the underlying bankruptcy proceeding. **In re Lothian Oil, Inc., et al.,** No. 07-70121, Doc. 2433 (Bkrtcy. W.D. Tex.). Appellee Rasmus has moved that a portion of Appellants' appeals be dismissed. Having considered the motion, response, and applicable law, this Court concludes that the motion should be granted in part and denied in part.

Appellee Rasmus seeks to dismiss appeals from eleven of the orders at issue. However, ten of the appeals were dismissed after the filing of Appellees' motion.[1] Accordingly, this order will concern only docket number 63. Under the Federal Rules of

---

[1] Order numbers 58, 71-76, and 78 in Adversary Proceeding No. 10-7011 were dismissed in the Order Granting Appellee Charles Beckham's Motion to Dismiss. Order numbers 59 and 77 were dismissed in the Order Regarding Belridge Group Appellees' Motion to Dismiss.

Bankruptcy Procedure, a notice of appeal shall be filed with the clerk within fourteen days of the date of the entry of the order being appealed. **Fed. R. Bankr. P. 8002(a).** If an appeal is untimely, the District Court lacks jurisdiction to consider it. **See In re Richmond,** 105 B.R. 14, 15 (S.D. Tex 1989). Appellee Rasmus requests that the appeal of the Bankruptcy Court's order granting his motion to dismiss (Doc. 63) be dismissed for untimeliness. The order was entered on February 10, 2011, yet Appellants did not file their notice of appeal until February 28. Accordingly, the appeal was untimely and this Court does not have jurisdiction to consider it. Appellee Rasmus's motion to dismiss the appeal regarding that order

It is therefore ORDERED that Appellee Rasmus's Motion to Dismiss (Doc. 33) concerning Bankruptcy Court Order number 63 be, and it is hereby, GRANTED.

It is further ORDERED that Appellants' appeal from the Bankruptcy Court Order number 63 be, and it is hereby, DISMISSED.

It is further ORDERED that the remainder of Appellee Rasmus's Motion to Dismiss be, and it is hereby, DENIED as MOOT.

SIGNED AND ENTERED this 20th day of May, 2011.

HARRY LEE HUDSPETH

SENIOR UNITED STATES DISTRICT JUDGE

2

**FILED**

**MAY 1 9 2011**

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                **DEPUTY CLERK**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| SHOSHANA TRUST, et al., | § | |
| | § | |
| Appellants, | § | |
| | § | |
| | § | NO. MO-11-CV-43-H |
| v. | § | |
| | § | |
| MICHAEL RALEIGH, et al., | § | |
| | § | |
| Appellees. | § | |

## ORDER REGARDING APPELLEES' MOTION TO DISMISS

This is one appeal from sixteen separate decisions of the United States Bankruptcy Court. On February 28, 2011, Appellants filed a notice of appeal complaining of sixteen Bankruptcy Court orders in the underlying bankruptcy proceeding. **In re Lothian Oil, Inc., et al.,** No. 07-70121, Doc. 2433 (Bkrtcy. W.D. Tex.). Appellees Blackhill Partners LLC, James Latimer III, and Mark Lipscomb have moved that a portion of Appellants' appeals be dismissed. Having considered the motion, response, and applicable law, this Court concludes that the motion should be granted in part and denied in part.

Appellees seek to dismiss appeals from eight of the orders at issue. However, seven of the appeals were dismissed after the filing of Appellees' motion.[1] Accordingly, this order will concern only docket number 56. Under the Federal Rules of Bankruptcy

_____

[1] Order numbers 71-76, and 78 in Adversary Proceeding No. 10-7011 were dismissed in the Order Granting Appellee Charles Beckham's Motion to Dismiss.

1

Procedure, a notice of appeal shall be filed with the clerk within fourteen days of the date of the entry of the order being appealed. **Fed. R. Bankr. P. 8002(a)**. If an appeal is untimely, the District Court lacks jurisdiction to consider it. **See In re Richmond**, 105 B.R. 14, 15 (S.D. Tex 1989). Appellees request that the appeal of the Bankruptcy Court's order granting their motion to dismiss (Doc. 56) be dismissed for untimeliness. The order was entered on February 10, 2011, yet Appellants did not file their notice of appeal until February 28. Accordingly, the appeal was untimely and this Court does not have jurisdiction to consider it. Appellees' motion to dismiss the appeal regarding that order should be granted.

It is therefore ORDERED that Appellees' Motion to Dismiss (Doc. 9) concerning Bankruptcy Court Order number 56 be, and it is hereby, GRANTED.

It is further ORDERED that Appellants' appeal from the Bankruptcy Court Order number 56 be, and it is hereby, DISMISSED.

It is further ORDERED that the remainder of Appellees' Motion to Dismiss be, and it is hereby, DENIED as MOOT.

SIGNED AND ENTERED this ___19th___ day of May, 2011.

HARRY LEE HUDSPETH
SENIOR UNITED STATES DISTRICT JUDGE

2

05/19/2011 11:21 5129165831 JUDGE HUDSPETH PAGE 02/04
Case 7:11-cv-00043-HU Document 33 Filed 05/19/11 Page 1 of 3
Case 7:11-cv-00043-RAJ Document 33-2 Filed 02/15/11 Page 34 of 36

**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

MAY 19 2011

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| SHOSHANA TRUST, et al., | § | |
| | § | |
| Appellants, | § | |
| | § | |
| v. | § | NO. MO-11-CV-43-H |
| | § | |
| MICHAEL RALEIGH, et al., | § | |
| | § | |
| Appellees. | § | |

<u>**ORDER GRANTING APPELLEE BECKHAM'S MOTION TO DISMISS**</u>

This is one appeal from sixteen separate decisions of the United States Bankruptcy Court. On February 28, 2011, Appellants filed a notice of appeal complaining of sixteen Bankruptcy Court orders in the underlying bankruptcy proceeding. **In re Lothian Oil, Inc., et al.**, No. 07-70121, Doc. 2433 (Bkrtcy. W.D. Tex.). Appellee Charles Beckham has moved that a portion of Appellants' appeals be dismissed. Having considered the motion, response, and applicable law, this Court concludes that the motion should be granted.

Under the Federal Rules of Bankruptcy Procedure, a notice of appeal shall be filed with the clerk within fourteen days of the date of the entry of the order being appealed. **Fed. R. Bankr. P. 8002(a)**. If an appeal is untimely, the District Court lacks jurisdiction to consider it. **See In re Richmond**, 105 B.R. 14, 15 (S.D. Tex 1989). Appellee Beckham requests that the appeal of the Bankruptcy Court's order granting his motion to dismiss (Doc. 58) be dismissed for untimeliness. The order was entered on February

1

05/19/2011 11:21 5129165831 JUDGE HUDSPETH PAGE 03/04
Case 7:11-cv-00043-HLH Document 33 Filed 05/19/11 Page 2 of 3
Case 7:11-cv-00043-RAJ Document 11-1 Filed 02/13/11 Page 35 of 36

10, 2011, yet Appellants did not file their notice of appeal until February 28. Accordingly, the appeal was untimely and this Court does not have jurisdiction to consider it. Appellee Beckham's motion to dismiss the appeal regarding that order should be granted.

Appellee Beckham further moves to dismiss the appeals from seven other orders, on the grounds that those orders were interlocutory.[1] Having reviewed the orders, this Court agrees that they are interlocutory in nature. Under **28 U.S.C. § 158(a)(3)**, a district court only has jurisdiction to hear appeals from interlocutory orders if leave of the court is granted. Under **Federal Rule of Bankruptcy Procedure 8003(c)**, a motion for leave to appeal under **28 U.S.C. § 158(a)(3)** should be filed within fourteen days of entry of the order being appealed. It is undisputed that Appellants never filed a motion for leave. Nonetheless, it is still within this Court's discretion to hear the appeal. In determining whether to hear an interlocutory appeal, the Court should consider whether the interlocutory order involves a controlling question of law, whether the question is one as to which there is substantial ground for difference of opinion, and if the immediate appeal will materially advance the ultimate termination of the litigation. **28 U.S.C. § 1292(b)**. Having

---

[1] The orders at issue are numbered 71-76, and 78 in Adversary Proceeding MO-10-7011.

2

05/19/2011 11:21 5129165831 JUDGE HUDSPETH PAGE 04/04

Case 7:11-cv-00043-RAJ Document 13-3 Filed 05/19/11 Page 3 of 3
Case 7:11-cv-00043-RAJ Document 11-3 Filed 02/13/11 Page 36 of 36

examined these factors, this Court concludes that leave should not be granted to consider the present appeal. Appellants are simply continuing their practice of appealing virtually every order entered by the Bankruptcy Court, no matter how inconsequential or perfunctory. Their continued frivolous appeals are causing a significant waste of judicial resources. Accordingly, leave should not be granted.

It is therefore ORDERED that Appellee Beckham's Motion to Dismiss (Doc. 5) be, and it is hereby, GRANTED.

It is further ORDERED that Appellants' appeals from the Bankruptcy Court Orders numbered 58, 71-76, and 78 be, and they are hereby, DISMISSED.

SIGNED AND ENTERED this ___19th___ day of May, 2011.

HARRY LEE HUDSPETH
SENIOR UNITED STATES DISTRICT JUDGE

3